Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 13 2018 ★
LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT
for the Eastern District of New York

District of Eastern New York

CV18 3486

Civil Division

SEYBERT, J.

SHIELDS, M.J.

|  |  |
|---|---|
| Donna Martin<br>Jay Brodsky<br><br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br><br>Westbury Fiat/Alfa Romeo<br>Fiat/Alfa Romeo of North America<br>Fiat/Alfa Romeo U.S. LLc.<br>FCA Italy SpA<br>Chrysler Capital Finance<br><br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No.<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*   Yes |

RECEIVED
JUN 1 3 2018
EDNY PRO SE OFFICE

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Donna Martin<br>Jay Brodsky |
   | Street Address | 240 East Shore Road |
   | City and County | Great Neck   Nassau County |
   | State and Zip Code | New York   11023 |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

|  |  |
|---|---|
| Telephone Number | 973-568-1666 |
| E-mail Address | demcointerexport@yahoo.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | Westbury Fiat/Alfa Romeo |
| Job or Title *(if known)* | Car Dealership |
| Street Address | 928 Jericho Turnpike |
| City and County | Westbury    Nassau County |
| State and Zip Code | New York    11590 |
| Telephone Number | 888-376-4370 |
| E-mail Address *(if known)* |  |

Defendant No. 2

|  |  |
|---|---|
| Name | Fiat/Alfa Romeo of North America |
| Job or Title *(if known)* | Car Maanufacturer |
| Street Address | 1000 Chrysler Drive |
| City and County | Auburn Hills |
| State and Zip Code | Michigan   48326 |
| Telephone Number |  |
| E-mail Address *(if known)* |  |

Defendant No. 3

|  |  |
|---|---|
| Name | FCA Italy SpA |
| Job or Title *(if known)* | Car Manufacturer |
| Street Address | Corso Agnelli, 200 |
| City and County | Turin    Italy |
| State and Zip Code | TO    10135 |
| Telephone Number |  |
| E-mail Address *(if known)* |  |

Defendant No. 4

    Name — Chrysler Capital Finance

    Job or Title *(if known)* — Bank

    Street Address — P.O. Box 961279

    City and County — Fort Worth

    State and Zip Code — Texas   76161

    Telephone Number

    E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties    is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of    another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a    diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

    Federal question xxxx        Diversity of citizenship xxxx

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

that    List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution are at issue in this case.

42 U.S.C.A § 12132

Product liability 313 all USCA CONST Amend. XIV, §1-Due Proc

NY UCC § 2-314, NY UCC § 2-318, 15 USCA § 2310, 15 USCA § 2301, UCC §2-607

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

        The plaintiff, *(name)*, is a citizen of the

        State of *(name)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.      If the plaintiff is a corporation

The plaintiff, *(name)* Fiat/Alfa Romeo North America, is incorporated under the laws of the State of *(name)* Michigan, and has its principal place of business in the State of Michigan.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)* See attached addendum

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

    $75,000.00    See Attached Complaint Addendum

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached addendum

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached addendum

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 10, 2018

Signature of Plaintiff

Printed Name of Plaintiff    Jay Brodsky / Donna Morton

**B.     For Attorneys**

Date of signing:    June 10, 2018

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2018 ★
LONG ISLAND OFFICE

IN ASSONANCE WITH: CV18 3486

DONNA MARTIN,

JAY BRODSKY

-against-

WESTBURY FIAT/ALFA ROMEO

FIAT/ALFA ROMEO NORTH AMERICA

FIAT/ALFA ROMEO U.S. LLC.

FCA ITALY SpA

CHRYSLER CAPITAL FINANCE

JOHN AND JANE DOE et al

CHARGES: *amongst others;*

SEYBERT, J.

SHIELDS, M.J.

42 USCA § 12132

Product liability 313 all

USCA CONST Amend. XIV, § 1-Due Proc

NY UCC § 2-314

NY UCC § 2-318

15 USCA § 2310

15 USCA § 2301

Uniform Commercial Code §2-607

**COMPLAINT ADDENDUM**

**AFFIRMATION:**

1. Pursuant to the Federal Rules of Civil Procedure Rule 8 (Fed. R. Civ. P. 80), on this 10th day of June, 2018, Donna Martin and Jay Brodsky, who reside at, 240 East Shore Road, # 444, Great Neck, New York 11023, duly depose that the facts as stated herein are true to the best of their knowledge. That the plaintiff's in this matter file this complaint at the United States District Court for the Eastern District of New York, 225 Cadman Plaza, Brooklyn NY 11201.

........................................................................................................x

**VENUE AND JURISTICTION:**

2. Venue is appropriate under 28 U.S.C.A. § 1332 because, amongst other things: the plaintiff's Jay Brodsky and Donna Martin, husband and wife, are residents and citizens New York State, County of Nassau; Fiat/Alfa Romeo North America, Fiat/Alfa Romeo U.S. LLc, Fiat/Chrysler/Alfa Romeo SpA. and Chrysler Capital Finance who are headquartered outside the jurisdiction of New York State and conduct business and directs their activities to residents of New York State, County of Nassau.

3. The United States District Court for the Eastern District of New York has jurisdiction over the parties because Fiat/Alfa Romeo North America, Fiat/Alfa

Romeo U.S. LLc, Fiat/Chrysler/Alfa Romeo SpA. and Chrysler Capital Finance conducts a major part of their national operations and conducts business activities from their headquarters in various locations throughout the world, with an advertising budget not exceeded in other jurisdictions throughout the United States.

4. The court also has jurisdiction under 28 U.S.C.A. § 1331 as Fiat/Alfa Romeo North America, Fiat/Alfa Romeo U.S. LLc, Fiat/Chrysler/Alfa Romeo SpA. and Chrysler Capital Finance violated amongst other things, "Motor vehicle manufacturer is liable under general negligence principles to user of its product for injuries suffered by reason of unknown or latent defects, either in construction or design, which manufacturer can reasonably foresee will cause injury on impact, whether or not such defects are causally connected with initial occurrence of accident," Bolm v. Triumph Corp., 33 N.Y.2d 151, 305 N.E.2d 769 (1973), , Court of Appeals of New York.February 14, 198049 N.Y.2d 471403 N.E.2d 440426 N.Y.S.2d 717, Codling v. Paglia, Court of Appeals of New York.May 3, 197332 N.Y.2d 330298 N.E.2d 622345 N.Y.S.2d 46113 UCC Rep.Serv. 89. Under New York law, a strict products liability claim based on a design defect theory is premised on a manufacturer's failure to properly design a product, which is then

placed on the market despite posing inappropriate risks, <u>Vicuna v. O.P. Schuman & Sons, Inc.</u>, 298 F. Supp. 3d 419 (E.D.N.Y. 2017)

## THE DEFENDANTS

2. Under the Federal Rules of Civil Procedure Rule 7a, the defendants in this matter are as follows:

a. Westbury Fiat/Alfa Romeo is an automobile dealership that engages in selling new and used automobiles. They are located at 928 Jericho Turnpike, Westbury, New York 11590.

b. Fiat/Alfa Romeo of North America, is a car manufacturer, that distributes the automobiles they manufacture throughout the United States and New York State in particular. They are also the manufacturer of the subject vehicle. They are located and conduct business from their United States headquarters, 1000 Chrysler Drive, Auburn Hills, MI 48326

c. FCA Italy SpA, is a car manufacturer that produces automobiles in Italy for distribution throughout the United States and New York State in particular. They are located and headquartered at, Corso Giovanni Agnelli, 200, Turin, TO 10135, Italy

**d.** Chrysler Capital Finance, is a bank that primarily lends consumers money to finance the purchase of automobiles. They are located and can be contacted at P.O. Box 961279, Fort Worth, TX 76161.

**e.** As John and Jane Doe are currently unknown to the plaintiff's, however upon discovery and disclosure of further pertinent facts, other defendants may be added to the complaint as needed.

## FIRST ALLEGATION OF SUBSTANCE

3. WHEREFORE, Donna Martin leased a 2018 Alfa Romeo Giulia from Westbury Fiat/Alfa Romeo, located at 928 Jericho Turnpike, Westbury NY 11590 on the 19th day of May, 2018.

4. WHEREBY, Paul Sapienza a salesman, who works for the aforementioned Westbury Fiat/Alfa Romeo, also assisted by Rosann Baranta, a finance manager, both acted congruently to execute the signing of a lease issued by Chrysler Auto Finance to the lessee Donna Martin, to finance the aforementioned vehicle.

5. That prior to the execution of said lease, Donna Martin was neither offered, adduced, invited or tendered an invitation to test drive the aforementioned Alfa Romeo vehicle she was being solicited to purchase.

6. After executing said lease, the automobile in question was brought forth for inspection by Donna Martin outside the showroom and within the boundaries of a car storage lot where it was raining heavily.  For the record, at no time was a sheltered area offered to protect Donna Martin from the pouring rain while she was

being shown the vehicle after the execution of said lease. The heavy rain was distracting to Donna Martin and Jay Brodsky as they were both soaking wet.

7. Upon delivery Donna Martin was seated in the drivers seat while her husband Jay Brodsky, who is severely disabled, was seated adjacent to her in the passenger seat, as Paul Sapienza, the salesman, was seated in the rear seat where he briefly explained the basic functionality of the vehicle.

8. Donna Martin's first opportunity to exit from within the aforementioned Alfa Romeo vehicle was when she arrived at her destination in midtown Manhattan, where she drove directly to after the subject vehicle was leased.

9. Upon exiting the vehicle, Donna Martin discovered that the Alfa Romeo Giulia she had leased has a distinct defect in design. In order to move from the drivers seat to the street, it is nearly impossible for someone who is five feet one inch tall as she is, to step from the vehicle without executing an acrobatic maneuver that Ms. Martin who is age sixty-three, is unable to achieve.

10. IN FACT, Jay Brodsky, the husband and passenger, will give sworn testimony at time of trial, to attest that without his assistance, Donna Martin was/is unable to exit the vehicle without his close support, "New York plaintiffs seeking to recover for injuries sustained by allegedly defective or dangerous products "may base a suit on one or more of four theories: negligence, breach of express warranty, breach of implied warranty, or strict liability." N.Y. Pattern Jury Instr. – Civil Div. 2 G 3 Intro. § 1 [hereinafter N.Y. P.J.I.] (citing *Denny v. Ford Motor Co.*, 87 N.Y. 2d 248 (1995)) (other citations omitted). While each of these claims varies slightly in its application, "there can be 'a high degree of overlap between the substantive aspects' of the [products liability] causes of action." *Monell v. Scooter Store, Ltd.*,

895 F. Supp. 2d 398, 411 (N.D.N.Y. 2012) (quoting *Denny*, 87 N.Y.2d at 256). One common element to any products liability claim is that the plaintiff's alleged injury must have been caused by a product that the defendant sold or placed into the stream of commerce. *See Healy v. Firestone Tire & Rubber Co.*, 87 N.Y.2d 596, 601 (1996).*Rizzo v. Applied Materials, Inc.*, No. 6:15-CV-557, 2016 WL 1122063, at *2 (N.D.N.Y. Mar. 22, 2016)."

11. As previously stated, Jay Brodsky is a disabled American and therefore is not a dependable means to uphold that type of responsibility.

12. On the 24th day of May, 2018, Donna Martin received and had an extended conversation with Paul Sapienza where she had an opportunity to explain her injurious experiences in hope of actualizing a mutually satisfactory solution.

13. Another issue that was discussed in great length with Paul Sapienza was the drivers seat. Donna Martin let it be known that the drivers seat configuration precipitates great pain and cramping in her leg muscles. For the record, Paul Sapienza concurred with Ms. Martin's assessment that there had been several other complaints from various customers pertaining to the same seating issue.

14. It must also be notated, that the rearview mirror mounted on the windshield cannot be rotated into a safe and comfortable position where there is ample visual accommodation to achieve a safe standard of driving, "To state a claim for negligence, Plaintiff must plausibly allege: 1) that Defendants owed him a duty recognized by law; 2) a breach of the duty; 3) a reasonably close causal connection between Defendants' conduct and the resulting injury; and 4) loss or damage resulting from the breach. *McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir. 1997). Here, Plaintiff alleges that Defendants designed, manufactured, distributed,

and sold the Gamma 3 Hip Fracture system, a "defective product," which "failed" shortly after it was surgically installed in Plaintiff's hip, causing him injury. (Dkt. No. 9, ¶¶ 38-39). Plaintiff alleges that "he was diagnosed with hardware failure," and "[a] product defect was determined to be the cause of the hardware failure." (*Id.*, ¶ 38). Plaintiff further alleges that Defendants "were negligent in the testing, inspection, maintenance, distribution, labeling, marketing and selling of the Gamma 3 Hip Fracture System," and also "reckless and negligent in failing to remove the product from the market or recall same and remedy the defective conditions after having notice of its dangerous and defective condition when used for its intended and foreseeable purpose." (*Id.*, ¶¶ 44-45), Parillo v. Stryker Corp., No. 15-CV-155 (BKS/RFT), 2015 WL 12748006, at *2 (N.D.N.Y. Sept. 29, 2015), "An injured plaintiff asserting a strict liability claim for a manufacturing defect under New York law must show, inter alia, that: (1) the product is not reasonably safe as marketed; (2) the product was used for a normal purpose; (3) the plaintiff, by the exercise of reasonable care, would not have both discovered the defect and apprehended its danger; and (4) the plaintiff would not have otherwise avoided the injury by the exercise of ordinary care." Derienzo v. Trek Bicycle Corp., 376 F. Supp. 2d 537 (S.D.N.Y. 2005)

## SECOND ALLEGATION OF SUBSTANCE

15. AS PREVIOUSLY STATED, on the 19th day of May, 2018, Donna Martin journeyed to Manhattan in the newly leased Alfa Romeo automobile to keep a haircut appointment. She drove there directly after receiving delivery of the subject vehicle. When exiting the subject vehicle, the plaintiff was unable to reach the

ground from where she was seated in the drivers seat. Upon return, she attempted to enter the subject vehicle on her own accord. In doing so Donna Martin was unable to maintain her balance due to the aforementioned design defect. The plaintiff grabbed hold of the steering wheel to try recovering her balance and stability. As she grabbed the steering as she fell forward and as a result severely injured the tendon in her right hand. The injury was of such a severe nature that on the 25th day of May, 2018, Donna Martin found it imperative to visit, Dr. Jason Faller, 333 West 57th Street, New York, NY 10019, to address her injury. During that visit the doctor discovered a profound injury had occurred that required a surgical procedure to alleviate the insurmountable pain she suffered as a result of her sustained injury. It has been two weeks since that surgical procedure was performed and still there is numbness and pain that still contemporaneously impairs her daily duties as a housewife and chief caretaker of her husbands needs. The plaintiff is right handed so an injury of that nature to her right hand is of grave concern, "Under New York law, plaintiff makes prima facie case of defectively designed product under theory of strict liability by showing that manufacturer marketed product designed so that it was not reasonably safe and that defective design was substantial factor in causing plaintiff's injury," Gonzalez by Gonzalez v. Morflo Indus., Inc., 931 F. Supp. 159 (E.D.N.Y. 1996), "Under New York law, manufacturer may be held strictly liable for harm caused by its product only if risk of harm outweighs its utility," Jarvis v. Ford Motor Co., 69 F. Supp. 2d 582 (S.D.N.Y. 1999), aff'd in part, vacated in part, 283 F.3d 33 (2d Cir. 2002)

## THIRD ALLEGATION OF SUBSTANCE

16. Jay Brodsky, the plaintiffs husband, is a disabled American citizen. As an American citizen he is protected from discrimination by the passing of **42 U.S.C.A. § 12182**, the American Disability Act. The aforementioned statute protects him from discrimination pursuant to public accommodations. As he was never afforded an opportunity to enter and exit the subject vehicle prior to Donna Martin, signing a lease, he had no idea of the difficulty that would be forcibly thrust upon him when he ultimately entered and exited the subject vehicle.

17. Had Mr. Brodsky had an opportunity to enter and exit the subject vehicle prior to signing the lease, he would have cancelled the lease before it was executed, "A plaintiff with disabilities suing under the Americans with Disabilities Act (ADA) or Rehabilitation Act may show that he or she has been excluded from or denied the benefits of a public entity's services or programs "by reason of such disability" even if there are other contributory causes for the exclusion or denial, as long as the plaintiff can show that the disability was a substantial cause of the exclusion or denial." Americans with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132; Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794. Henrietta D. v. Bloomberg, 331 F.3d 261 (2d Cir. 2003).

18. Mr. Brodsky hereby enters a first pleading, that there is an distinct design flaw that discriminates against him as a disabled American, "A manufacturer of automobiles may be liable for damages caused by a defect in its product under theory of strict products liability in New York even though it neither is in privity with injured plaintiffs nor has failed to live up to any objective reasonable care standard." Alfa Romeo, Inc. v. S.S. Torinita, 499 F. Supp. 1272 (S.D.N.Y. 1980),

aff'd sub nom. Alfa-Romeo Inc. v. S.S. Torinita, 659 F.2d 1057 (2d Cir. 1981), and aff'd sub nom. Fiat Motors of N. Am., Inc. v. S.S. "Torinita", 659 F.2d 1058 (2d Cir. 1981), and aff'd sub nom. S.S. "Torinita", 659 F.2d 1062 (2d Cir. 1981), and aff'd sub nom. A/S Uglands Rederi, 659 F.2d 1062 (2d Cir. 1981), and aff'd sub nom. S.S. "Torinita" v. A/S Uglands Rederi S.S. "Torinita", 659 F.2d 1062 (2d Cir. 1981).

## **INHERENT DESIGN ISSUE:**

17. The most pressing issue at hand is the distinct design flaw of the car. Where the body meets the frame there is a large gap of nine inches that is the result of Alfa Romeo's desire to widen the overall footprint of the subject vehicle in order to achieve a more aggressive appearance. As there is sixteen inches between the end of the door jam and the ground, a nine inch gap between the seat and the rocker panel below, a three inch lateral lip that is the result of a bolster/lip in the horizontal section of the seat and a six inch bolster/lip which is part of the vertical section of the seat; all these factors make it nearly impossible to comfortably and safely enter and exit the subject vehicle without sustaining serious injury.

## **CLAIM FOR RELIEF:**

18. THIS complaint being filed at the United States district Court for the Eastern District of New York, Brooklyn, New York, pursuant to 28 U.S.C.A. § 1332 as several of the potential defendants are headquartered outside the jurisdictional purview of New York State giving the diversity of citizenship needed to pursue litigation within the Federal court system. Pursuant to 28 U.S.C.A. § 1331 there are

Federal issues that can only be adjudicated within the purview of the Federal Court System.

## PRAYER FOR RELIEF:

19. The immediate refund of all monies allotted for the lease of the subject vehicle
20. Termination of the subject lease with no penalty to the plaintiff's or associates thereof.
21. For physical injuries incurred, compensatory damages of Seventy-Five Thousand 00/100 ($75,000.00)
22. The plaintiffs beg the court to impose punitive damages as the court see's fit.
23. The intentional infliction of emotional distress, two hundred fifty thousand dollars 00/100 ($250,000.00)
24. Negligent infliction of emotional distress, two hundred fifty thousand dollars 00/100 ($250,000.00)
25. Conversion, two hundred fifty thousand dollars 00/100 ($250,000.00)
26. Collection fee's, twenty thousand dollars ($20,000.00)
27. Legal fee's, thirty thousand dollars 00/100 ($30,000.00)

Signed this 10th day of June, 2018 at Great Neck, New York

_____ x
Donna Martin, Plaintiff, ProSe

_____ x
Jay Brodsky, Plaintiff, ProSe