```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAY BRODSKY and DONNA MARTIN,

                Plaintiffs,
                                        MEMORANDUM & ORDER
        -against-                       18-CV-3484(JS)(AYS)

BMW GROUP FINANCIAL SERVICES,
BMW OF MANHATTAN, BMW OF NORTH
AMERICA,

                Defendants.
----------------------------------X
JAY BRODSKY and DONNA MARTIN,

                Plaintiffs,

        -against-                       18-CV-3486(JS)(AYS)

WESTBURY FIAT/ALFA ROMEO, FIAT/ALFA
ROMEO OF NORTH AMERICA, FIAT/ALFA
ROMEO U.S. LLC, FCA ITALY SPA,
CHRYSLER CAPITAL FINANCE,

                Defendants.
----------------------------------X
JAY BRODSKY, and on behalf of
others similarly situated,

                Plaintiff,

        -against-                       18-CV-3588(JS)(AYS)

THE SOCIAL SECURITY ADMINISTRATION,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Jay Brodsky, pro se
                   Donna Martin, pro se
                   240 East Shore Road, Apt. 444
                   Great Neck, New York 11023

For Defendants:    Ryan Lawrence Diclemente, Esq.
                   Colleen Fox, Esq.
```

Saul Ewing Arnstein & Lehr LLP
650 College Road East, Ste. 4000
Princeton, New Jersey 08540

SEYBERT, District Judge:

On June 13, 2018, pro se plaintiffs Jay Brodsky ("Brodsky")[1] and Donna Martin ("Martin" and together, "Plaintiffs") filed two (2) Complaints together with a single application to proceed in forma pauperis, signed by both Plaintiffs, with each Complaint. (See Docket Nos. 18-CV-3484 and 18-CV-3486.) On June 18, 2018, Brodsky filed another Complaint

---

[1] Including the instant three (3) Complaints, since September 2017, Brodsky has filed fifteen (15) in forma pauperis Complaints in this Court. Although in forma pauperis status has been granted to Brodsky in several of these cases, it is within the Court's purview to revisit those determinations in light of the present submissions. See Brodsky v. Equifax, 17-CV-5528 (IFP granted and complaint transferred to the MDL pending in the Northern District of Georgia); Brodsky v. J.P. Morgan Chase & Co., 17-CV-5529 (IFP revoked); Brodsky v. First Am. Title Ins. Co. of N.Y., 17-CV-6031 (IFP granted and complaint sua sponte dismissed); Brodsky v. Brodsky, 17-CV-6032 (IFP granted, and consolidated with 17-CV-6031); Brodsky v. Liberty Mut. Ins. Co., 17-CV-6033 (IFP granted, and consolidated with 17-CV-6031); Brodsky v. N.Y. Dep't of Hous. Pres. and Dev., 17-CV-6555 (IFP granted, and consolidated with 17-CV-6031); Brodsky v. N.Y. Dep't of Fin., 17-CV-6556 (IFP granted, and consolidated with 17-CV-6031); Brodsky v. Family Court, Nassau Cty., N.Y., 17-CV-7085 (IFP granted, and consolidated with 17-CV-6031), Brodsky, et al. v. Apple Inc., 18-CV-1998 (IFP denied and dismissed without prejudice for failure to prosecute), Brodsky, et al., v. Palmer Admin. Svcs., Inc., et al., 18-CV-2006 (IFP denied and dismissed without prejudice for failure to prosecute), Brodsky v. Purdue Pharma L.P., 18-CV-2788 (IFP denied and dismissed without prejudice for failure to prosecute), and Brodsky, et al., v. BMW of the Mainline et al., 18-CV-3304 (IFP denied and dismissed without prejudice for failure to prosecute).

together with an application to proceed in forma pauperis. (See Docket No. 18-CV-3588.)

For the reasons that follow, the applications to proceed in forma pauperis are DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW UPON COMPLETION OF THE AO 239 IN FORMA PAUPERIS APPLICATION FORM TOGETHER WITH A COPY OF THE "OFFICIAL BMW FINANCIAL SERVICES CREDIT APPLICATION" MARTIN PROVIDED TO BMW AS IS ALLEGED IN THE COMPLAINT FILED UNDER DOCKET NO. 18-CV-3304.[2] (See 18-CV-3304 Compl. at ECF pp. 10-11, ¶¶ 12-14.) Alternatively, Plaintiffs may remit the $400.00 filing fee for each case.[3]

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v.

---

[2] Plaintiffs allege that "Martin had been approved for financing in order to purchase a vehicle of her choosing . . ." after submitting an "official BMW Financial Services credit application." (See 18-CV-3304 Compl. at ECF pp. 10-11, ¶¶ 13-14.)

[3] Because the Court does not refund the filing fee when a Complaint is dismissed, Plaintiffs are well-advised to review the scope of this Court's jurisdiction as well as the substance of their claims. Plaintiffs are cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants and that it is within the Court's authority to consider the imposition of sanctions, including a litigation bar, should the Court determine that Plaintiffs' claims are frivolous.

E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks omitted). Plaintiffs' applications do not include sufficient information for the Court to make such finding.

The applications submitted by Plaintiffs on June 13, 2018 are identical and incomplete. (See Docket Nos. 18-CV-3484 and 18-CV-3486.) And, because both Plaintiffs signed the same form, it impossible to discern to whom the responses pertain. In addition, the information set forth in the application filed by Brodsky on June 18, 2018 in 18-CV-3588 is inconsistent with the information contained in the June 13, 2018 applications as well as with the information contained in the applications Brodsky filed with the Court on his cases now consolidated under docket number 17-CV-6031. (See 17-CV-6031 at Docket Entry 2 as well as the applications to proceed in forma pauperis in each member case.) Disturbingly, although the Plaintiffs' address remains the same, the amount indicated for rent has inexplicably increased from $1,800 to $2,880.00 with no additional source of income or other assets listed. (See 18-CV-2006 at Docket Entry 2 and 18-CV-3304 at Docket Entry No. 2.) Curiously, each of the June 2018 applications report monthly rent of $2,000.00 for the same address. (See 18-CV-3484 and 18-CV-3486, at Docket Entry 2 in each case.)

Thus, the Court is unable to conclude, based on the

present applications, that Plaintiffs are qualified to proceed <u>in forma pauperis</u>. Accordingly, Plaintiffs applications are DENIED WITHOUT PREJUDICE TO A RENEWAL THEREOF UPON COMPLETION OF THE AO 239 <u>IN FORMA PAUPERIS</u> APPLICATION FORM ANNEXED TO THIS ORDER TOGETHER WITH A COPY OF THE "OFFICIAL BMW FINANCIAL SERVICES CREDIT APPLICATION" MARTIN PROVIDED TO BMW AS IS ALLEGED IN THE COMPLAINT FILED UNDER DOCKET NO. 18-CV-3304.[4]

Under the circumstances, Plaintiffs can best set forth their current, respective financial positions on the long form <u>in forma pauperis</u> application (AO 239). EACH PLAINTIFF IS DIRECTED TO RETURN A SEPARATE <u>IN FORMA PAUPERIS</u> APPLICATION IN EACH ABOVE-CAPTIONED CASE WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS ORDER. MARTIN IS FURTHER DIRECTED TO ANNEX TO HER APPLICATIONS A COPY OF THE OFFICIAL BMW FINANCIAL SERVICES CREDIT APPLICATION SHE PROVIDED TO BMW AS IS ALLEGED IN THE COMPLAINT FILED UNDER DOCKET No. 18-CV-3304.

Alternatively, Plaintiffs may remit the $400.00 filing fee in each of these cases. Plaintiffs are cautioned that a failure to timely comply with this Order will lead to the dismissal of the Complaints with prejudice pursuant to 28 U.S.C. § 1915(2)(A)

---

[4] In accordance with the E-Government Act of 2002, Martin should redact her social security number and/or any financial account numbers which may appear on the application.

and judgment will enter.  Finally, given that Plaintiffs have declared "under penalty of perjury" that the information contained in their applications to proceed in forma pauperis is true, they would be wise to consult with counsel at this time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiffs.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   10  , 2019
       Central Islip, New York